WESTINGHOUSE et al. v. NEW YORK AIR BRAKE CO. et al.

(Circuit Court, S. D. New York. October 18, 1904.)

No. 4,977.

1. PATENTS—DAMAGES FOR INFRINGEMENT—INTEREST.
    Interest on damages awarded for infringement by final decree allowed, under the circumstances of the case, from the date of the master's re-port, by which the damages as finally awarded were practically liqui-dated.

In Equity. Suit for infringement of patent.

Betts, Betts, Sheffield & Betts, for complainants.
Chas. Neave, for defendants.

PLATT, District Judge. One matter alone remains unsettled. Complainants argue that interest ought to run from date of the interlocutory decree, to wit, December 1, 1893. I cannot agree with them. The matter strikes me in this way: It seems clear that the profits which complainants might have enjoyed, except for the infringing sales, were in condition for judicial ascertainment upon the filing of the first report. It is true that the master, after stating certain facts upon which that computation could be made, stated further facts, and, upon the entire statement, adopted a theory from which the larger sum resulted. For all practical pur-poses, however, the damages flowing from a narrower construc-tion of the law were fully liquidated at that time. The greater in-cludes the less, and the whole is the sum of all its parts. If the master's theory had been accepted by the court, the larger sum found due under that theory would have borne interest from the date of the report. As the case now stands, the final decree is an endeavor to execute Judge Wheeler's view of the law, as the pres-ent judge now in control understands it. It is believed that Judge Wheeler was impressed by counsel's urgent claim that the amount now found to be due was the limit of the court's authority, under

Wales v. Waterbury Mfg. Co., 101 Fed. 126, 41 C. C. A. 250. It was really an indorsement of the present judgment, which, the master had advised him, was easily ascertainable.

It seems eminently fair to me that interest should begin to run from the date of the filing of the first report.